**COM**
JESSICA PARRA, ESQ.
Nevada Bar No. 12724
**NV INJURY LAW, LLC.**
3511 S. Eastern Avenue
Las Vegas, Nevada 89169
Office (702) 825-8000
Fax    (702) 830-9944
jessica@nvinjurylaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TAMEIA L. CITY, individually,<br>*Plaintiff*<br><br>vs.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF THE NAVY; KYLE W. LOSEE, U.S. MARINE CORPS; DOES 1-5 and ROE CORPS 6-10, inclusive, jointly and severally.<br>*Defendants* | CASE NO.:<br><br>DEPT. NO.:<br><br>**COMPLAINT** |

TAMEIA L. CITY (Plaintiff), by and through her counsel, JESSICA PARRA, ESQ., of NV INJURY LAW, LLC., for this action against the above-named Defendants, alleges that:

**I.**
**INTRODUCTION**

1. This action is pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.§ 2671, *et. seq.*, and 28 U.S.C.§1346(b) for negligence and seeks compensatory damages for pain and suffering that resulted from the negligence of Defendant's employees and agents.

2. Plaintiff has exhausted her claims by filing the required forms with the Defendant and having her claims denied (*See* **Exhibit 1**: *Standard Form 95*; **Exhibit 2**: *E-mail correspondence with USN Tort Claims Unit*).

**II.**
**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this of claim against the United States of America for money damages pursuant to 28 U.S.C. § 1346(b)(1).

4. The acts and omissions giving rise to the claim occurred in the District of Nevada. Venue is therefore

proper under 28 U.S.C. § 1402(b).

## III.
## IDENTIFICATION OF THE PARTIES

5. Plaintiff, TAMEIA L. CITY (Plaintiff), is an adult female that during all times relevant herein, was and is a resident of Clark County, Nevada.

6. Defendant, UNITED STATES OF AMERICA (Defendant) is a government entity authorized to do business in Clark County, Nevada, and operated the *Armed Forces Recruiting Center* at 7220 W. Lake Mead Boulevard, Las Vegas, NV 89107.

7. Defendant, UNITED STATES DEPARTMENT OF THE NAVY (Defendant), is an agency of the executive branch of the United States government. United States Marine Corps (USMC) is a component agency of Defendants.

8. Defendant, KYLE W. LOSEE of the U.S. Marine Corps, was employed by and/or acting on behalf of the Defendant at the time of the incident described in this complaint.

9. Defendants, DOES I through X, are currently unknown and may be businesses or individuals, who have responsibility for the design, manufacture, and/or maintenance of the escalator thereof, which is subject to this lawsuit. Plaintiff alleges that each of these DOES, is responsible in some manner for the damage as herein alleged. Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

10. Defendants ROES I through X, are currently unknown and may be individuals, partnerships or corporations. Plaintiff alleges that each of the Defendants designated herein as ROE, is responsible in some manner for the damage as herein alleged. Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

11. Defendants are agents, servants, employees, employers, and/or partners of each other. At the time of the incident described in this complaint, Defendants were acting within the color purpose and scope of their relationships, and by the reason of their relationships, Defendants are joint/and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

## IV.
## GENERAL ALLEGATIONS

Plaintiff repeats and re-alleges Paragraphs 1 through 11 as if fully set forth herein, and that:

12. On or about May 7, 2019, Plaintiff was traveling eastbound on Vegas Drive. Around the same time, KYLE WESLEY LOSEE (Defendant), an individual employed by Defendant, was driving southbound on Tenaya Way in a government-owned vehicle.

13. Defendant failed to pay full attention to the road, ran a red light and caused a collision with Plaintiff's vehicle.

14. As a result, Plaintiff suffered injuries.

## V.
## FIRST CLAIM FOR RELIEF
### General Negligence

Plaintiff repeats and re-alleges Paragraphs 1 through 14 as if fully set forth herein, and that:

15. Defendants jointly and individually, owed Plaintiff multiple duties of care while performing various functions such as operating a vehicle and to avoid collisions.

16. Defendants breached their duties by negligently operating a motor vehicle which caused a collision.

17. Defendants knew or should have known that the negligent and unsafe operations of the vehicle posed a risk to public safety and could result in a collision.

18. As a direct and proximate cause of Defendant's negligence, Plaintiff sustained severe bodily trauma, all of which may be permanent and disabling in nature, all to her general and compensatory damage, in an amount in excess of $15,000.

19. In addition, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

20. As a direct and proximate result of Defendant's negligence, Plaintiff endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses indefinitely in the future, in an amount in excess of $15,000. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

21. Furthermore, Plaintiff incurred additional damages, such as: lost income, loss of earning capacity, and other incidental damages in a sum to be determined at trial.

22. It was necessary for Plaintiff to retain counsel in this matter, and should therefore, be awarded reasonable attorney's fees and costs.

23. The actions or omissions by federal employees described herein constitute the tort of negligence under the laws of the State of Nevada.

24. Under the *Federal Tort Claims Act*, Defendant UNITED STATES OF AMERICA is liable for these actions or omissions.

## VI.
## SECOND CLAIM FOR RELIEF
### Negligence *Per Se*

Plaintiff repeats and re-alleges Paragraphs 1 through 24 as if fully set forth herein, that:

25. Defendants operated a motor vehicle in a manner violating State of Nevada, County of Clark, and City of Las Vegas statutes, laws, and ordinances, which include but are not limited to: failure to use due care in operating a vehicle, and to avoid collisions.

26. Plaintiff is within the class of persons intended to be protected by the statutes, laws, and ordinances of the State of Nevada, County of Clark, and City of Las Vegas which were violated by Defendants.

27. The injuries suffered by Plaintiff are of the type against which the State of Nevada, County of Clark, and City of Las Vegas intended to protect.

28. As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to her general and compensatory damage, in an amount in excess of $15,000.

29. In addition, Plaintiff incurred expenses for medical care, treatment and other incidental costs thereto,

all to her detriment, in an amount unknown at this time, and may require future expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

30. As a direct and proximate result of Defendants' negligence, Plaintiff endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure losses indefinitely in the future, in an amount in excess of $15,000. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

31. Furthermore, Plaintiff incurred additional damages, such as loss of income, earning capacity, and other incidental damages in a sum to be determined at trial.

32. It was necessary for Plaintiff to retain counsel in this matter, and should therefore, be awarded reasonable attorney's fees and costs.

## VII.
## THIRD CLAIM FOR RELIEF
### Respondeat Superior

Plaintiff re-alleges and incorporates Paragraphs 1 through 32 as if fully set forth herein, and that:

33. Defendant, U.S. Marine KYLE WESLEY LOSEE was an agent/employee of the Defendant, the DEPARTMENT OF THE NAVY, acting within the scope and course of employment and agency with the employer's knowledge, permission and consent, therefore, making Defendants liable for the negligent and reckless actions of their employee.

34. Defendants owed a duty of care to Plaintiff and their employee breached that duty.

35. As a direct and proximate cause of Defendants' negligence, Plaintiff endured pain and suffering, worry, anxiety, emotional distress, and loss of enjoyment of life, some of which are permanent, in an amount in excess of $15,000. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

36. It was necessary for Plaintiff to retain counsel in this matter, and should therefore be awarded reasonable attorney's fees and costs.

## VIII.
## FOURTH CLAIM FOR RELIEF
### Negligent Hiring and Supervision

Plaintiff re-alleges and incorporates Paragraphs 1 through 36 as if fully set forth herein, and that:

37. The DEPARTMENT OF THE NAVY (Defendant) had a duty to protect Plaintiff from harm resulting from employing Defendant KYLE WESLEY LOSEE.

38. Defendants breached this duty by hiring, retaining, failing to train, supervise, or discipline their employee KYLE WESLEY LOSEE, who was neither competent nor qualified to operate the vehicle when the subject accident took place.

39. As a direct and proximate result, Plaintiff suffered physical injuries, pain and suffering, worry, anxiety, emotional distress, and loss of enjoyment of life, some of which are permanent and disabling, in an amount in excess of $15,000. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

40. It was necessary for Plaintiff to retain counsel in this matter, and should therefore, be awarded reasonable attorney's fees and costs.

## IX.
## FIFTH CLAIM FOR RELIEF
### Negligent Entrustment

Plaintiff repeats and re-alleges Paragraphs 1 through 40 as if fully set forth herein, and that:

41. The DEPARTMENT OF THE NAVY (Defendant) owed the Plaintiff a duty to ensure that their vehicles were operated by a competent and qualified driver, to ensure the safety of any persons or property.

42. Defendants breached this duty by entrusting Defendant KYLE WESLEY LOSEE to operate their vehicle, as he was not competent or qualified to do so when the subject accident took place.

43. As a direct and proximate result, Plaintiff suffered physical injuries, pain and suffering, worry, anxiety, emotional distress, and loss of enjoyment of life, some of which are permanent and disabling, in an amount in excess of $15,000. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

44. Furthermore, Plaintiff incurred additional damages such as: loss of income, earning capacity, and other incidental damages.

45. It was necessary for Plaintiff to retain counsel in this matter, and should therefore, be awarded reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against each Defendant as:

1. General and special damages in excess of $15,000, according to proof at trial;

2. Pre-judgment and post-judgment interest, as allowed by law;

3. Reasonable attorney's fees and case costs; and,

4. Any further relief deemed appropriate by the Court.

DATED this 23rd of November, 2020.

NV INJURY LAW, LLC.

By: _____
JESSICA PARRA, ESQ.
3511 S. Eastern Avenue
Las Vegas, Nevada 89169
jessica@nvinjurylaw.com
*Attorney for Plaintiff*