**ACOM**
JESSICA PARRA, ESQ.
Nevada Bar No. 12724
**NV INJURY LAW, LLC.**
3511 S. Eastern Avenue
Las Vegas, Nevada 89169
Office (702) 825-8000
Fax    (702) 830-9944
jessica@nvinjurylaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TAMEIA L. CITY, individually,
    *Plaintiff*

vs.

UNITED STATES OF AMERICA; DOES 1-5 and ROE
CORPS 6-10, inclusive, jointly and severally.
    *Defendants*

CASE NO.:  2:20-CV-02193

**AMENDED COMPLAINT**

TAMEIA L. CITY (Plaintiff), by and through her counsel, JESSICA PARRA, ESQ., of NV INJURY

LAW, LLC., for this action against the above-named Defendants, alleges that:

### I.
### INTRODUCTION

1.  This action is pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.§ 2671, *et. seq*., and 28

    U.S.C.§1346(b) for negligence and seeks compensatory damages for pain and suffering that resulted

    from the negligence of Defendant's employees and agents.

2.  Plaintiff has exhausted her claims by filing the required forms with the Defendant and having her

    claims denied (*See* **Exhibit 1**: *Standard Form 95*; **Exhibit 2**: *E-mail correspondence with USN Tort*

    *Claims Unit*).

### II.
### JURISDICTION AND VENUE

3.  This Court has jurisdiction over this of claim against the United States of America for money damages

    pursuant to 28 U.S.C. § 1346(b)(1).

4.  The acts and omissions giving rise to the claim occurred in the District of Nevada. Venue is therefore

proper under 28 U.S.C. § 1402(b).

### III.
### IDENTIFICATION OF THE PARTIES

5. Plaintiff, TAMEIA L. CITY (Plaintiff), is an adult female that during all times relevant herein, was and is a resident of Clark County, Nevada.

6. Defendant, UNITED STATES OF AMERICA (Defendant) is a government entity authorized to do business in Clark County, Nevada.

7. Defendants, DOES I through X, are currently unknown and may be businesses or individuals, who have responsibility for the design, manufacture, and/or maintenance of the escalator thereof, which is subject to this lawsuit. Plaintiff alleges that each of these DOES, is responsible in some manner for the damage as herein alleged. Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

8. Defendants ROES I through X, are currently unknown and may be individuals, partnerships or corporations. Plaintiff alleges that each of the Defendants designated herein as ROE, is responsible in some manner for the damage as herein alleged. Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

9. Defendants are agents, servants, employees, employers, and/or partners of each other. At the time of the incident described in this complaint, Defendants were acting within the color purpose and scope of their relationships, and by the reason of their relationships, Defendants are joint/and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

### IV.
### GENERAL ALLEGATIONS

Plaintiff repeats and re-alleges Paragraphs 1 through 11 as if fully set forth herein, and that:

10. On or about May 7, 2019, Plaintiff was traveling eastbound on Vegas Drive. Around the same time, Kyle Wesley Losee, an individual employed by Defendant, was driving southbound on Tenaya Way in a government-owned vehicle.

11. Defendant failed to pay full attention to the road, ran a red light and caused a collision with Plaintiff's vehicle.

12. As a result, Plaintiff suffered injuries.

## V.
### FIRST CLAIM FOR RELIEF
### General Negligence

Plaintiff repeats and re-alleges Paragraphs 1 through 12 as if fully set forth herein, and that:

13. Defendant jointly and individually, owed Plaintiff multiple duties of care while performing various functions such as operating a vehicle and to avoid collisions.

14. Defendant breached its duties by negligently operating a motor vehicle which caused a collision.

15. Defendant knew or should have known that the negligent and unsafe operations of the vehicle posed a risk to public safety and could result in a collision.

16. As a direct and proximate cause of Defendant's negligence, Plaintiff sustained severe bodily trauma, all of which may be permanent and disabling in nature, all to her general and compensatory damage, in an amount in excess of $15,000.

17. In addition, Plaintiff incurred expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

18. As a direct and proximate result of Defendant's negligence, Plaintiff endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses indefinitely in the future, in an amount in excess of $15,000. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

19. Furthermore, Plaintiff incurred additional damages, such as: lost income, loss of earning capacity, outstanding property damage and other incidental damages in a sum to be determined at trial.

20.  It was necessary for Plaintiff to retain counsel in this matter, and should therefore, be awarded reasonable attorney's fees and costs.

21. The actions or omissions by federal employees described herein constitute the tort of negligence under the laws of the State of Nevada.

22. Under the *Federal Tort Claims Act*, Defendant UNITED STATES OF AMERICA is liable for these actions or omissions.

## VI.
## SECOND CLAIM FOR RELIEF
### Negligence *Per Se*

Plaintiff repeats and re-alleges Paragraphs 1 through 22 as if fully set forth herein, that:

23.  Defendant operated a motor vehicle in a manner violating State of Nevada, County of Clark, and City of Las Vegas statutes, laws, and ordinances, which include but are not limited to: failure to use due care in operating a vehicle, and to avoid collisions.

24.  Plaintiff is within the class of persons intended to be protected by the statutes, laws, and ordinances of the State of Nevada, County of Clark, and City of Las Vegas which were violated by Defendants.

25. The injuries suffered by Plaintiff are of the type against which the State of Nevada, County of Clark, and City of Las Vegas intended to protect.

26. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to her general and compensatory damage, in an amount in excess of $15,000.

27. In addition, Plaintiff incurred expenses for medical care, treatment and other incidental costs thereto, all to her detriment, in an amount unknown at this time, and may require future expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

28. As a direct and proximate result of Defendant's negligence, Plaintiff endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure losses

indefinitely in the future, in an amount in excess of $15,000. In this regard, Plaintiff prays leave of the Court to insert all damages herein once fully ascertained or proven at trial.

29. Furthermore, Plaintiff incurred additional damages, such as loss of income, earning capacity, outstanding property damage and other incidental damages in a sum to be determined at trial.

30. It was necessary for Plaintiff to retain counsel in this matter, and should therefore, be awarded reasonable attorney's fees and costs.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against each Defendant as:

   1.   General and special damages in excess of $15,000, according to proof at trial;

   2.   Pre-judgment and post-judgment interest, as allowed by law;

   3.   Outstanding property damage;

   4.   Reasonable attorney's fees and case costs; and,

   5.   Any further relief deemed appropriate by the Court.


DATED this __5th__ of March, 2021.

                                        **NV INJURY LAW, LLC.**


                                        By: _____
                                        **JESSICA PARRA, ESQ.**
                                        3511 S. Eastern Avenue
                                        Las Vegas, Nevada 89169
                                        jessica@nvinjurylaw.com
                                        *Attorney for Plaintiff*

# EXHIBIT 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See Instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| OFFICE OF THE JUDGE ADVOCATE GENERAL<br>TORT CLAIMS UNIT NORFOLK<br>9620 MARYLAND AVENUE, SUITE 205<br>NORFOLK, VA 23511-2949 | Tameia L.City    NV Injury Law<br>8012 Sierra Largo Dr. 3511 S. Eastern<br>Las Vegas NV 89128  Las VegasNV89169 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>12/12/71 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>05/07/19 | 7. TIME *(A.M. or P.M.)*<br>1:51pm |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

I was traveling East on Vegas Drive in the middle lane going through an intersection with a green traffic light when your insured was traveling South on Tenaya Way through a red traffic light, causing a T-Bone accident.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

Same

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

Front damage          Coparts-Las Vegas
                           4810 N. Lamb Blvd, Las Vegas 89115

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

I cut my lip, neck pain, back pain, hand, wrist, right knee, stomach, Chest, headache, nervous,(traumatic), left arm.
I blacked out at the scene. I have been growing my nails for 5-6 years and 7 finger nails broke.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| None | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>Total Loss-1915.47<br>Loss of Use- 8,370 (279 days @$30) | 12b. PERSONAL INJURY<br>$60,793.81 | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)*<br>$303,965 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>*Jessica Parr attorny for Claimant* | 13b. Phone number of signatory<br>702-825-8000 | 14. DATE OF CLAIM<br>9/2/2020 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
*Previous editions not usable.*

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to | Director, Torts Branch | and to the |
|----|------------------------|------------|
|    | Civil Division | Office of Management and Budget |
|    | U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
|    | Washington, DC  20530 | Washington, DC  20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

No, Liability coverage only

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?  *(It is necessary that you ascertain these facts)*

N/A

19. Do you carry public liability and property damage insurance?  ☒ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)*  ☐ No

AllState
Northfield Township, Il
1-877-810-2920
Policy No.844038514

SF 95 (Rev. 7-85) BACK

## Attorney Authorization

To:   Office of the Judge Advocate General\
      Tort Claims Unit Norfolk
      9620 Maryland Avenue, Suite 205
      Norfolk, Virginia 23511-2949

I, __Tamela  L. City__ , hereby designate and authorize
      *(Claimant)*

__Jessica Parra__ , associated with the law office of
      *(Name of Attorney)*

__NV Injury Law__ to represent me and continue any
      *(Name of Law Firm)*

and all claims which have been filed or will be filed arising from:

__A Motor Vehicle Accident__
                  *(Description of Incident)*

which occurred on __05/07/19__ ,
                  *(Date of Incident)*

Executed this ____02____ day of __September__ , 20_20, at

_____

                              _Signature of Claimant_

# EXHIBIT 2

Campbell, Thomas E CIV USN COMNAVREG M
IDLANT VA (USA) <thomas.e.campbell1@nav
y.mil>
Tue 9/8/2020 9:19 AM
To: Daniel Macias
Cc: Jessica Parra

Mr. Macias,

A claim was properly presented on February 25, 2020. I have been communicating with
Martin Ortiz and Jessica. The last email from Mr. Ortiz indicated your client intended to file
suit. Please advise.

Thomas E. Campbell

Tort Claims Attorney
Office of the Judge Advocate General
Tort Claims Unit Norfolk
9620 Maryland Avenue, Suite 205
Norfolk, Virginia 23511-2949
(757) 341-4558 {DSN 341}
(757) 341-4562 Fax
thomas.e.campbell1@navy.mil

ATTORNEY WORK PRODUCT / FOR OFFICIAL USE ONLY - PRIVACY
SENSITIVE. Any misuse or unauthorized disclosure of this information may result in
both criminal and civil penalties. The information contained in this e-mail and/or
accompanying documents is intended for the exclusive use of the individuals to whom
it is addressed. It may contain information that is pre-decisional, privileged or
protected from release under the Privacy Act, FOIA or other applicable laws. Do not
disseminate this e-mail, or its contents and attachments, to anyone who does not have
an official need for access, or without the express consent of the sender.

. . .

Reply  |  Reply all  |  Forward

---

Campbell, Thomas E CIV USN COMNAVREG MIDLANT VA (USA)
I will be out of the office until September 8. If you need immediate as...          Wed 9/2/2020 11:01 AM

---

Daniel Macias
Wed 9/2/2020 10:57 AM
To: thomas.e.campbell1@navy.mil