JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

R. Thomas Colonna
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6552
Richard.Colonna@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Tameia City, | |
| Plaintiff, | |
| vs. | Case No. 2:20-cv-02193-JCM-EJY |
| The United States of America, | **AMENDED JOINT PRE-TRIAL ORDER** |
| Defendant. | |
| Emely Johana Portillo, an individual; and Eva Lilian Leonzo De Portillo an individual | |
| Plaintiffs, | |
| vs. | |
| The United States of America, | |
| Defendant | |

Comes now Plaintiff Tameia City ("City"), by and through her attorneys Jordan Schnitzer, Esq., and Plaintiffs Emely Johanna Portillo ("Emely Portillo") and Eva Lilian Leonzo de Portillo ("Eva Portillo"); and Defendant United States of America, by the United States Attorney, submit this proposed Amended Joint Pretrial Order pursuant to the Court's Order on

1

August 19, 2024, and Local Rules 16-3 and 16-4.

## I.

### Summary of Action

This is a tort action brought under the Federal Tort Claims Act (FTCA), wherein Plaintiffs Tameia City and Plaintiffs Emely Johana Portillo and Eva Lilian Leonzo de Portillo allege they sustained personal injuries arising out of a motor vehicle accident occurring on May 7, 2019.

## II.

### Statement of Jurisdiction

The Court's subject matter jurisdiction arises under the FTCA, codified at 28 U.S.C. § 1346 *et. seq*. Because this is an FTCA case, the Court will be acting as the trier-of-fact. There will be no jury trial in this case. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## III.

### The following facts are admitted by the parties and require no proof:

1.      Plaintiff Tameia City, Defendant's employee Kyle Loose, and Plaintiffs Emely Portillo and Eva Portillo, were involved in a motor vehicle accident on or about May 7, 2019.

2.      At the time of the accident, Mr. Loose was acting in the course and scope of his duties as an employee of the United States.

## IV.

### The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None.

## V.

**The following are the issues of fact to be tried and determined at trial.**

1.      The duty of care owed and to whom.

2.      The actions or inactions taken to constitute a breach of duty of care.

3.      The mechanism of the cause of the accident.

4.      Whether, and to what extent, Plaintiff City, suffered injury and/or sustained damages from the accident.

5.      Whether, and to what extent, Plaintiff Emely Portillo, suffered injury and/or sustained damages from the accident.

6.      Whether, and to what extent, Plaintiff Eva Portillo suffered injury and/or sustained damages from the accident.

7.      The extent and quality of Plaintiff City's pre-existing medical conditions.

8.      The extent and quality of Plaintiff Emely Portillo's pre-existing medical conditions.

9.      The extent and quality of Plaintiff Eva Portillo's pre-existing medical conditions.

10.      Whether Plaintiff City's alleged damages, if any, are attributable to medical conditions that pre-existed the accident.

11.      Whether Plaintiff Emely Portillo's alleged damages, if any, are attributable to medical conditions that pre-existed the accident.

12.      Whether Plaintiff Eva Portillo's alleged damages, if any, are attributable to medical conditions that pre-existed the accident.

13.      Whether Plaintiff City contributed to her own alleged damages.

14.      Whether Plaintiff Emely Portillo contributed to her own alleged damages.

15.      Whether Plaintiff Eva Portillo contributed to her own alleged damages.

16.     Whether, and to what extent, Plaintiff City incurred damages as a proximate cause of the negligence of others.

17.     Whether, and to what extent, Plaintiff Emely Portillo incurred damages as a proximate cause of the negligence of others.

18.     Whether, and to what extent, Plaintiff Eva Portillo incurred damages as a proximate cause of the negligence of others.

19.     The type and extent of damages claimed for (1) past medical expenses; (2) future medical expenses; (3) pain and suffering; (4) lost wages; (5) property damages; (6) other general and special damages.

20.     Whether Plaintiff City's claim for medical damages were reasonably and necessarily incurred and caused by the accident.

21.     Whether Plaintiff Emely Portillo's claim for medical damages were reasonably and necessarily incurred and caused by the accident.

22.     Whether Plaintiff Eva Portillo's claim for medical damages were reasonably and necessarily incurred and caused by the accident.

23.     Plaintiff City's efforts to mitigate her alleged damages.

24.     Plaintiff Emely Portillo's efforts to mitigate her alleged damages.

25.     Plaintiff Eva Portillo's efforts to mitigate her alleged damages.

**VI.**

**The following are the issues of law to be tried and determined at trial:**

1.     **Duty of Care.** Generally, everyone has a duty to exercise reasonable care when their conduct creates a risk of physical harm to others. Nev. J.I. 4.3. Negligence is the failure to exercise the degree of care which an ordinarily careful and prudent person would exercise under

the same or similar circumstances. *Id.* Ordinary care is care which persons of ordinary prudence would exercise in the management of their own affairs to avoid injury to themselves or to others. *Id.* The issues as to duty are:

  a.  Whether the parties owed a duty of care.

  **2.**  **Proximate Cause.** A proximate cause of injury, damage, loss, or harm is a cause which, in natural and continuous sequence, produces the injury, damage, loss, or harm, and without which the injury, damage, loss, or harm, would not have occurred. Nev. J.I. 4.4. The issues as to causation are:

  a.  Whether a breach in the duty of care proximately caused the accident.

  **3.**  **Comparative Negligence.** A plaintiff may not recover damages if their comparative negligence has contributed more to their injury than the negligence of the defendant. Nev. J.I. 4.8. However, if the plaintiff is negligent, the plaintiff may still recover a reduced sum, so long as their comparative negligence was not greater than the negligence of the defendant. *Id.* The issues as to comparative negligence are:

  a.  Whether Plaintiff(s) were negligent (and if so, by what percentage).

  b.  Whether Plaintiff's negligence was a substantial factor in causing their own harm.

  c.  Does Plaintiff's percentage of negligence exceed the negligence of Losee, if any, barring recovery pursuant to NRS 41.141.(1).

  d.  The percentage of negligence attributable to the Plaintiff shall reduce the amount of such recovery by the proportionate amount of such negligence and the reduction will be made by the Court.

  **4.**  **Damages.** In determining losses, if any, suffered by the Plaintiff as a proximate

5

(legal) cause of the accident, the Court must take into consideration the nature, extent and duration from the evidence and decide upon a sum to reasonably and fairly compensate: (a) reasonable and necessary medical expenses incurred in the past; (b) reasonable and necessary medical expenses to incur in the future as a result of the accident; (c) lost earnings that were incurred and future earnings that are reasonably certain to have been lost in the future; (d) pain and suffering; (e) loss of household services. *See* Nev. J.I. 5.1.  Additional issues for the Court's determination are:

      a.  Whether Plaintiff's injuries, if any, were caused by pre-existing medical conditions that existed prior to the accident. [A person who has a condition or disability at the time of the injury is not entitled to recover damages therefor. *See* Nev. J.I. 5.3.]

      b.  Whether Plaintiff mitigated her alleged damages.

## VII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

Stipulated Exhibits Agreed To By Parties United States of America and Tameia City[1]

| 1. | Advanced Orthopedics & Sports Medicine Medical and Billing Records; Bate Stamped- ADVANCED ORTHO 000001 - 000007 |
|---|---|
| 2. | Advantage Diagnostic Imaging Medical and Billing Records; Bate Stamped- ADVANTAGE 000001 - 000003 |
| 3. | Enrico Fazzini, D.O., PH.D, F.A.C.N Medical and Billing Records; Bate Stamped- FAZZINI 000001-000014 & FAZINI LETTER 000001 |
| 4. | Fremont Emergency Services Billing Records; |

---

[1] The Portillo Plaintiffs do not object to exhibits 1-11 as these exhibits are applicable to Plaintiff City. The Portillo Plaintiffs do object to Exhibit 12 being admitted into evidence as that document is hearsay without exception. See *Frias v. Valle*, 101 Nev. 219, 221, 698 P.2d 875, 876 (1985). The Portillo Plaintiffs stipulate and do not object to the admission of exhibits 13 and 14 in their case.

|     |     | Bate Stamped- FREMONT 000001 |
| --- | --- | --- |
|     | 5. | Interventional Pain & Spine Institute Medical and Billing Records; Bate Stamped- INTERVENTIONAL 000001 - 000005 |
|     | 6. | Michael Elliott and Associates Hospital Medical and Billing Records; Bate Stamped-  ELLIOTT 000001-000013 |
|     | 7. | Mountain View Hospital Medical and Billing Records; Bate Stamped- MOUNTAIN VIEW 000001 - 000018 |
|     | 8. | Radiology Specialists, LTD Billing Records; Bate Stamped- RAD SPECIALISTS 000001 |
|     | 9. | SimonMed Imaging Hospital Medical and Billing Records; Bate Stamped- SMI 000001-000019 |
|     | 10. | The Neck & Back Clinics Medical and Billing Records; Bate Stamped- NECKBACK 000001 - 000203 |
|     | 11. | Plaintiff's Pay Stubs for Loss Wage Claim; Bate Stamped – LOSS WAGE 000001 - 000006 |
|     | 12. | LVMPD Traffic Accident Report dated 05/07/2019; Bate Stamped – LVMPD REPORT 000001 – 000008 – To be redacted |
|     | 13. | Dash Cam Video of Incident; Bate Stamped – VIDEO 000001 |
|     | 14. | Photos; Bate Stamped- PHOTOS 000001 – 000017 |

Stipulated Exhibits Agreed To By Parties United States of America and Eva Portillo

|     |     |     |
| --- | --- | --- |
|     | 1. | Video of Incident – VIDEO 000001 |
|     | 2. | Property Damage Photographs Bates No. PLTF 00020 – PLTF 00033 |
|     | 3. | Property Damage Estimate Bates No. PLTF 00009 – PLTF 00019 |
|     | 4. | American Medical Response Medical Records Bates No. ELP 00002 – ELP 00009 |
|     | 5. | American Medical Response Billing Records Bates No. ELP 00001 |
|     | 6. | Mountain View Hospital Medical Records Bates No. ELP 00013 – ELP 00046 |
|     | 7. | Mountain View Hospital Billing Records Bates No. ELP 00010 – ELP 00012 |
|     | 8. | Fremont Emergency Associates Billing Records Bates No. ELP 00413 |
|     | 9. | Nevada Chiropractic Rehab Center Medical Records Bates No. ELP 00052 - ELP 00115 |
|     | 10. | Nevada Chiropractic Rehab Center Billing Records Bates No. ELP 00047 – ELP 00051 |

| 11. | Shield Radiology Consultant Medical Records<br>Bates No. ELP 00414 |
|---|---|
| 12. | Shield Radiology Consultant Billing Records<br>Bates No. ELP 00415 |
| 13. | Radiology Specialists Medical Records<br>Bates No. ELP 00118 |
| 14. | Radiology Specialists Billing Records<br>Bates No. ELP 00116 – ELP 00117 |
| 15. | Interventional Pain and Spine Institute Medical Records<br>Bates No. ELP 00120 – ELP 00122 |
| 16. | Interventional Pain and Spine Institute Billing Records<br>Bates No. ELP 00119 |
| 17. | Pueblo Medical Imaging Medical Records<br>Bates No. ELP 00124 – ELP 00129 |
| 18. | Pueblo Medical Imaging Billing Records<br>Bates No. ELP 00123 |
| 19. | Desert Orthopedic Center Medical Records<br>Bates No. ELP 00132 – ELP 00136 |
| 20. | Desert Orthopedic Center Billing Records<br>Bates No. ELP 00130 – ELP 00131 |
| 21. | Las Vegas Neurosurgical Institute Medical Records<br>Bates No. ELP 00423 – 00428 |
| 22. | Las Vegas Radiology Medical Records<br>Bates No. ELP 00429 -- 00443 |
| 23. | Las Vegas Radiology Imaging Records |
| 24. | Las Vegas Radiology Billing Records<br>Bates No. ELP 00444 - 00445 |
| 25. | DiMuro Pain Management Medical Records<br>Bates No. ELP 00416 – 420; ELP 422; ELP 00446 – 00452; ELP 00455; ELP 00456 – 00582; ELP 00593 – 00624; ELP 00628 -- 00660 |
| 26. | DiMuro Pain Management Billing Records<br>Bates No. ELP 00421; ELP 00453 – 00454; ELP 00583 – 00587; ELP 00625 – 00627; ELP 00661 - 00662 |
| 27. | W. Azzoli, M.D. Medical Records<br>Bates No. ELP 00588 - 00591 |
| 28. | W. Azzoli, M.D. Billing Records |

Stipulated Exhibits Agreed To By Parties United States of America and Emely Portillo

| 1. | Video of Incident – VIDEO 000001 | |
|---|---|---|
| 2. | Property Damage Photographs<br>Bates No. PLTF 00020 – PLTF 00033 | |
| 3. | American Medical Response Medical Records<br>Bates No. EJP 00002 – EJP 00016 | |
| 4. | American Medical Response Billing Records<br>Bates No. EJP 00001 | |

8

| 5. | Mountain View Hospital Medical Records<br>Bates No. EJP 00020 – EJP 00066 | |
|---|---|---|
| 6. | Mountain View Hospital Billing Records<br>Bates No. EJP 00017 – EJP 00019 | |
| 7. | Nevada Chiropractic Rehabilitation Center Medical Records<br>Bates No. EJP 00067 – EJP 00099 | |
| 8. | Nevada Chiropractic Rehabilitation Center Billing Records<br>Bates No. EJP 00070 – EJP 00074 | |
| 9. | Radiology Consultants Report Medical Records<br>Bates No. EJP 00100 – EJP 00153 | |
| 10. | Radiology Consultants Report Billing Records<br>Bates No. EJP 00059 | |
| 11. | Pain and Spine Institute Medical Records<br>Bates No. EJP 00158 – EJP 00165 | |
| 12. | Pain and Spine Institute Billing Records<br>Bates No. EJP 00154 – EJP 00157 | |
| 13. | Pueblo Medical Imaging Medical Records<br>Bates No. EJP 00169 – EJP 00175 | |
| 14. | Pueblo Medial Imaging Billing Records<br>Bates No. EJP 00166 – EJP 00168 | |
| 15. | Dr. Enrico Fazzani Medical Records<br>Bates No. EJP 00177 – EJP 00180 | |
| 16. | Dr. Enrico Fazzani Billing Records<br>Bates No. EJP 00176 | |
| 17. | Desert Orthopedic Center Medical Records<br>Bates No. EJP 00183 – EJP 00188; EJP 00571 - 00591 | |
| 18. | Desert Orthopedic Center Billing Records<br>Bates No. EJP 00181 – EJP 00182, EJP 00592 | |
| 19. | Fremont Emergency Associates Billing Records<br>Bates No. EJP 00434 | |
| 20. | Shield Radiology Consultant Medical Records<br>Bates No. EJP 00435 | |
| 21. | Shield Radiology Consultant Billing Records<br>Bates No. EJP 00436 | |
| 22. | DiMuro Pain Management Medical Records<br>Bates No. EJP 00437 – 442, EJP 00683 – 00722, EJP 00728 – 00885, EJP 00896 – 00932, EJP 00936 - 00970 | |
| 23. | DiMuro Pain Management Cost Estimate Letters<br>Bates No. EJP 00444, EJP 00445, EJP 00725 - 00726 | |
| 24. | DiMuro Pain Management Billing Records<br>Bates No. EJP 00443, EJP 00723 – 00724, EJP 00886 – 00889, EJP 00933 – 00935, EJP 00971 - 00973 | |
| 25. | Desert Orthopedic Center Imaging Records<br>Bates No. EJP 00444 - 00570 | |
| 26. | Las Vegas Neurosurgical Institute – Dr. McNulty Medical Records | |

|  |  |  |  |
|---|---|---|---|
|  |  | Bates No. EJP 00593 - 00599 |  |
|  | 27. | Pueblo Medical Imaging Records<br>Bates No. EJP 00600 - 00662 |  |
|  | 28. | Las Vegas Radiology Medical Records<br>Bates No. EJP 00663 - 00681 |  |
|  | 29. | Las Vegas Radiology Billing Records<br>Bates No. EJP 00682 |  |
|  | 30. | Las Vegas Radiology Imaging Records |  |
|  | 31. | Las Vegas Pharmacy Billing Record<br>Bates No. EJP 00727, EJP 00895 |  |
|  | 32. | W. Azzoli, M.D., Medical Records<br>Bates No. EJP 00890 – 00893, EJP 00894 |  |

    (b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

<u>Plaintiff's Exhibits & Defendant's Objections</u>

Plaintiff, Tameia City (PROPOSED):

| # | Description | Objection |
|---|---|---|
| 15. | Property Damage Value from Kelly Blue Book;<br>Bate Stamped – KBB 000001 - 000003 | Expert opinion; best evidence rule; speculation |
| 16. | Dr. Douglas Ross Initial Expert Report;<br>Bate Stamped- DR. ROSS EXPERT 000001 - 000007 | Hearsay; relevance; best evidence rule; prejudicial |
| 17. | Dr. Douglas Ross CV, Fee Schedule, Testimony List;<br>Bate Stamped- DOUGLAS ROSS 000001 - 000004 | Hearsay; relevance; best evidence rule; prejudicial |
| 18. | Dr. Enrico Fazzini CV, Fee Schedule, Testimony List;<br>Bate Stamped- ENRICO FAZZINI 000001 - 000019 | Hearsay; relevance; best evidence rule; prejudicial |
| 19. | Complaint;<br>Bate Stamped- COMPLAINT 000001 – 000007 | Hearsay; relevance; best evidence rule; prejudicial |
| 20. | Amended Complaint;<br>Bate Stamped- AMEND COMPLAINT 000001 – 000011 | Hearsay; relevance; best evidence rule; prejudicial |
| 21. | Certificate of Interested Parties;<br>Bate Stamped- COIP 000001 - 000002 | Relevance |
| 22. | Geoffrey T. Manley, MD, PhD; and the TRACK-TBI Investigators, JAMA Psychiatry. 2019. *Risk of Posttraumatic Stress Disorder and Major Depression in Civilian Patients After Mild* | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

| | | | |
|---|---|---|---|
| 1<br>2 | | *Traumatic Brain Injury A TRACK-TBI Study*<br>Bate Stamped: RISK OF PTSD MILD TBI 000001-000010 | |
| 3<br>4<br>5<br>6<br>7<br>8 | 23. | Donald Berwick, Katherine Bowman, and Chanel Matney, Editors; Committee on Accelerating Progress in Traumatic Brain Injury Research and Care; Board on Health Sciences Policy; Board on Health Care Services; Health and Medicine Division; National Academies of Sciences, Engineering, and Medicine, National Academies of Sciences, Engineering, and Medicine. 2022. *Traumatic Brain Injury: A Roadmap for Accelerating Progress.* Washington, DC: The National Academies Press. https://doi.org/10.17226/25394.<br>Bates Stamped: TBI ACCELERATING PROGRESS 000001-000245 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 9<br>10 | 24. | Uttam K. Bodanapally, MBBS, Chandler Sours, PhD, Jiachen Zhuo, PhD,Kathirkamanathan Shanmuganathan, MD *Imaging of Traumatic Brain Injury* (2015)<br>Bates Stamped: IMAGING OF TBI 000001-000021 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 11<br>12<br>13 | 25. | Hana Lee, Max Wintermark, Alisa D. Gean, Jamshid Ghajar, Geoffrey T. Manley, and Pratik Mukherjee *Focal Lesions in Acute Mild Traumatic Brain Injury and Neurocognitive Outcome: CT versus 3T MRI* (Sept 2008)<br>Bates Stamped: FOCAL LESIONS MILD TBI 000001-000008 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 14<br>15<br>16<br>17<br>18 | 26. | Esther L. Yuh, MD, PhD, Pratik Mukherjee, MD, PhD, Hester F. Lingsma, PhD, John K. Yue, BS, Adam R. Ferguson, PhD, Wayne A. Gordon, PhD, Alex B. Valadka, MD, David M. Schnyer, PhD, David O. Okonkwo, MD, PhD, Andrew I. R. Maas, MD, PhD, Geoffrey T. Manley, MD, PhD *Magnetic Resonance Imaging Improves3-Month Outcome Prediction in Mild Traumatic Brain Injury* (Sept 2012)<br>Bates Stamped: MAGNETIC RESONANCE IMAGING 000001-000012 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 19<br>20<br>21 | 27. | Debbie Y. Madhok, MD, Robert M. Rodriguez, MD, Jason Barberm, MS, Nancy R. Temkin, PhD, Amy J. Markowitz, JD, Natalie Kreitzer, MD, and Geoffrey T. Manley, MD, PhD, *Outcomes in Patients With Mild Traumatic Brain Injury Without Acute Intracranial Traumatic Injury* (Aug 2022)<br>Bates Stamped: MILD TBI WO ACUTE INTRACRANIAL TJ 000001-000020 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 22<br>23 | 28. | Laura A. Swingen, DC, DACNB; Rosi Goldsmith, LMT; Judith Boothby, MS, DC; Terry McDermott, DC; Catherine Kleibel, BA *Video Nystagmography to Monitor Treatment in Mild* | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

11

| | | |
|---|---|---|
| | *Traumatic Brain Injury: A Case Report* (April 2017) Bates Stamped: NYSTAGMOGRAPHY MON TBI 000001-000007 | |
| 29. | Brasure M, Lamberty GJ, Sayer NA, et al. *Multidisciplinary Postacute Rehabilitation for Moderate to Severe Traumatic Brain Injury in Adults* [Internet]. Rockville (MD): Agency for Healthcare Research and Quality (US); 2012 Jun. (Comparative Effectiveness Reviews, No. 72.) Available from: https://www.ncbi.nlm.nih.gov/books/NBK98993/ <br><br>Bates Stamped: MULTI POST MOD TBI 000001-000003 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 30. | Center for Disease Control and Prevention, *Concussion Fact Sheet For Parents;* Bates Stamped: CDC HEADS UP CONCUSSION 000001-000002 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 31. | Linsday D. Nelson, PhD, Nancy R. Temkin, PhD, Sureyya Dikmen, PhD, Jason Barber, MS, Joesph T. Giacino, PhD, Ester Yuh, MD, PhD, Harvey S. Levin, PhD, Michael A. McCrea, PhD, Murray B. Stein, MD, MPH, Pratik Mukherjee, MD, PhD, David O. Okonkwo, MD, PhD, Ramon Diaz-Arratia, MD, PhD, Geoffrey T. Manley, MD, PhD, *Recovery After Mild Traumatic Brain Injury in Patients Presenting to US Level 1 Trauma Centers* (2019) Bates Stamped: RECOVERY AFTER MILE TBI 000001-000026 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 32. | Staci R. Ross, PhD, ABPP Medical Records; Haarbauer-Krupa, J, Pugh, MJ, Prager, EM, Harmon, N, Wolfe, J, & Yaffee, K, *Epidemiology of Chronic Effects of Traumatic Brain Journal of Neurotrauma* (2021); Bates Stamped- CHRONIC EFFECTS TBI 000001-000014 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 33. | Center for Disease Control and Prevention, *How you may Feel After a Concussion & Tips for your Recovery;* Bates Stamped- CDC AFTER CONCUSSION 000001-000002 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 34. | Center for Disease Control and Prevention, *Moderate to Severe Traumatic Brain Injury is a Lifelong Condition;* Bates Stamped- CDC MOD TO SEVERE TBI 000001-000002 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

| 35. | Center for Disease Control and Prevention, *Mild Traumatic Brain Injury and Concussions*; Bates Stamped- CDC MILD TBI CONCUSSION 000001-000004 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
|---|---|---|
| 36. | Center for Disease Control and Prevention, *Traumatic Brain Injury in the United States: Epidemiology and Rehabilitation*; Bates Stamped- CDC TBI IN US 000001-000072 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 37. | Deborah E. Barnes, PhD, MPH; Amy L. Byers, PhD, MPH; Raquel C. Gardner, MD; Karen H. Seal, MD, MPH; W. John Boscardin, PhD; Kristine Yaffe, MD, *Association of Mild Traumatic Brain Injury with and Without Loss of Consciousness with Dementia in US Military Veterans* (2018); Bates Stamped- ASSOC OF TBI DEMENTIA 000001-000007 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 38. | Masel, Brent E. and DeWitt, Douglas S.; *Traumatic Brain Injury: A Disease Process, Not and Event* (2010); Bates Stamped- TBI DISEASE 000001-000012 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 39. | Leigh, Suzanne, *Dementia Risk Doubles Following Concussion, UCSF Study Shows* (2018); Bates Stamped- UCSF DEMENTIA RISK 000001-000006 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 40. | Brain Injury Association of America, Conceptualizing Brain Injury as Chronic Disease (2009); Bates Stamped- BRAIN INJURY CHRONIC DISEASE 000001-000011 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 41. | Michael Fralick MD BScH, Deva Thiruchelvam MSc, Homer C. Tien MD MSc, and Donald A. Redelmeier MD MS(HSR), *Risk of suicide after a concussion* (2016); Bates Stamped- RISK SUICIDE AFTER CONCUSION 000001-000008 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 42. | Amir Sariaslan, David J. Sharp, Brian M. D'Onofrio, Henrik Larsson, and Seena Fazel, *Long-Term Outcomes Associated with Traumatic Brain Injury in Childhood and Adolescence: A Nationwide Swedish Cohort Study of a Wide Range of Medical and Social Outcomes* (2016) Bates Stamped- LONG TERM TBI CHILDHOOD ADOLESCENCE 000001-000013 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

13

| 43. | Kerry McInnes, Christopher L. Friesen, Diane E. MacKenzie, David A. Westwood, and Shaun G. Boe, *Mild Traumatic Brain Injury (mTBI) and Chronic Cognitive Impairment: A Scoping Review* (2017)<br>Bates Stamps- MTBI CHRONIC COGNITIVE IMPAIRMENT 000001-000019 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
|---|---|---|
| 44. | University of Cambridge, edited by Jeff Victoroff and Erin D. Bigler, *Concussion and Traumatic Encephalopathy Causes, Diagnosis, and Management* (2019) | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 45. | Dalby BJ. *Chiropractic diagnosis and treatment of closed head trauma*. J Manipulative Physiol Ther. 1993 Jul-Aug;16(6):392-400. PMID: 8409787 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 46. | Center for Disease Control and Prevention Injury Center, *Mild TBI and Concussions*. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 47. | Center for Disease Control and Prevention Injury Center, *Preventing Traumatic Brain Injury* | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 48. | Centers for Disease Control and Prevention, *What is a Concussion?* (2019) | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 49. | Croft, Arthur C., *Whiplash and Mild Traumatic Brain Injuries A Guide to Patients and Practitioners* (2009). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 50. | Bidirectional Changes in Anisotropy Are Associated with Outcomes in Mild Traumatic Brain Injury, X S.B. Strauss, XN. Kim, X C.A. Branch, X M.E. Kahn, X M. Kim, X R.B. Lipton, X J.M. Provataris, X H.F. Scholl,X M.E. Zimmerman, and X M.L. Lipton, AM J of Neuroradiology, (June 9, 2016). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 51. | Roberts, Rachel M., et al, *Relationship Between Diffusion Tensor Imaging (DTI) Findings and Cognition Following Pediatric TZBI: A Meta-Analytic Review*, Developmental Neuropsychology, DOI: 10.1080/87565641.2016.1186167., (May 27, 2016). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 52. | Strauss, et als, Current Clinicla *Applications and Future Potential of Diffusion Tensor Imaging in Traumatic Brain Injury*, Topics in Magnetic Resonance Imaging, Vol. 24, Number 6, (December, 2015). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

| | | |
|---|---|---|
| 53. | Fakhran, Saeed, et al, *Symptomatic White Matter Changes in Mild Traumatic Brain Injury Resemble Pathologic Features of Early Alzheimer Dementia*, Radiology volume 269: Number 1 – (October, 2013). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 54. | Treble, Amery, et al, *Working Memory and Corpus Callosum Microstructural Integrity after Pediatric Traumatic Brain Injury: A Diffusion Tensor Tractography Study*, Journal of Neurotrauma 30:1609 – 1619 (October 1, 2013). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 55. | Yeh, Ping-Hong, et al, *Postconcussional Disorder and PTSD Symptoms of Militray-Related Traumatic Brain Injury Associated With Compromised Neurocircuitry*, Human Brain Mapping (September 13, 2013). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 56. | Zwany Metting, et al, *Pathophysiological Concepts in Mild Traumatic Brain Injury: Diffusion Tensor Imaging Related to Acute Perfusion CT Imaging*, PLOSONE (May 2013), Volume 8, Issue 5. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 57. | Hulklower, et at., *A Decade of DTI in Traumatic Brain Injury: 10 Years and 100 Articles Later*, AJNR - Published (January 10, 2013) as 10.3174/ajnr.A3395. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 58. | Editorial, Jonathan Silver, M.D., *Diffusion tensor imaging and mild traumatic brain injury in soldiers: abnormal findings,uncertain implications*, Am J Psychiatry 169:12, (December 2012). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 59. | Aoki, et al, (J Neurol Neurosurg Psychiatry. (2012 Sep); 83(9):870-6. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 60. | Dr. Toth, et al, (J Neurotrauma, 2012 Aug 20 E-published). Available publicly for purchase. Shumskaya, Elena, et al, *Abnormal Whole-Brain Functional Networks in Homogeneous Acute Mild Traumatic Brain Injury*, Neurology, 79, (July 10, 2012), pp. 175 – 182. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 61. | Wada, T., et al, *Decreased Fractional Anisotropy Evaluated Using Tract- Based Spatial Statistics and Correlated with Cognitive Dysfunction in Patients with Mild Traumatic Brain Injury in the Chronic Stage*, Am J Neuroradiology, published (June 21, 2012) as 10.3174/ajnr.A3141 | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 62. | Wada, et al, *Decreased Fractional Anisotropy Evaluated Using Tract-Based Spatial Statistics and Correlated with Cognitive Dysfunction in Patients* | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

| | | | |
|---|---|---|---|
| | | *with Mild Truamatic Brain Inury in the Chronic Stage*, AJNR, (June 21, 2012). | |
| 63. | | Dr. Lipton and coauthors at Einstein College of Medicine (Brain Imaging Behav. (2012 Jun); 6(2):329-42). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 64. | | Lipton, et al., *Robust detection of traumatic axonal injury in individual mild traumatic brain injury patients: Intersubject variation, change over time and bidirectional changes in anisotropy*, Brain Imaging and Behavior, DOI 10.1007/s11682-012-9175-2. (June, 2012). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 65. | | Huang, Ming-Xiong, et al, *An Automatic MEG Low-Frequency Source Imaging Approach for Detecting Injuries in Mild and Moderate TBI Patients With Blast and Non-Blast Causes*, NeuroImage, 61 (April 20, 2012) 1067 – 1082. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 66. | | Matthews, S.C., et. al., *Diffusion tensor imaging evidence of white matter disruption associated with loss versus alteration of consciousness*, Psychiatry Research: Neuroimaging (2012), http://dx.doi.org/10.1016/j.psychresns.2012.04.018. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 67. | | M.E. Shenton et al, *A Review Of Magnetic Resonance Imaging and Diffusion Tensor Imaging Findings in Mild Traumatic Brain Injury*, Brain Imaging and Behavior J. (March 2012). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 68. | | Drs. Sharp and Ham from the Hammersmith in London (Curr Opin Neurol. (2011 Dec);24(6):558-63). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 69. | | Wang, J.Y., et al, *Longitudinal Changes of Structural Connectivity in Traumatic Axonal Injury*, Neurology 77, (August 30, 2011). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 70. | | Vos, Pieter; Bigler, Erin, *White Matter in Traumatic Brain Injury, Dis- or Dysconnection?*, Neurology 77, (August 30, 2011). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 71. | | Wu, Trevor – *Evaluating the Relationship between Memory Functioning and Cingulum Bundles in Acute Mild Traumatic Brain Injury using Diffusion Tensor Imaging* – Journal of Neurotrauma 27:303-307 (February 2010). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 72. | | Bigler, E.D. – *Voxel-Based Analysis of Diffusion Tensor Imaging in Mild Traumatic Brain Injury in Adolescents* – AJNR Am J Neuroradiol 31, (Feb 2010). Available publicly for purchase. Kumar, Raj – *Serial Changes in Diffusion Tensor Imaging Metrics of Corpus Callosum in Moderate* | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

| | | |
|---|---|---|
| | *Traumatic Brain Injury patients and Their Correlation with Neuropsychometric Tests:  A 2-Year Follow Up Study* – J Head Trauma Rehabil Vol. 25, No 1, pp. 31-42 (February, 2010). | |
| 73. | Bigler, Eric, Ph.D. – *Diffusion tensor imaging: A Biomarker for Mild Traumatic Brain Injury?* – Neurology (February 23, 2010);74:626-627. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 74. | Mayer, A.R, Ph.D. – *A prospective diffusion tensor imaging study in mild traumatic brain injury* – Neurology (January 20, 2010);74:  643-650. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 75. | Lipton, Michael, M.D., Ph.D. – *Diffusion-Tensor Imaging Implicates Prefrontal Axonal Injury in Executive Function Impairment Following Very Mild Traumatic Brain Injury* – Radiology: Volume 252:Number 3-(September 2009). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 76. | Lo, Calvin – *Diffusion Tensor Imaging Abnormalities in Patients with Mild Traumatic Brain Injury and Neurocognitive Impairment* – Comput Assist Tomogr, Volume 33, Number 2, (March/April 2009). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 77. | Lipton, Michael – *Multifocal White Matter Ultrastructural Abnormalities in mild Traumatic Brain Injury with Cognitive Disability:  A Voxel-Wise Analysis of Diffusion Tensor Imaging* – Journal of Neurotrauma 25:1335-1342 (November, 2008). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 78. | D.R. Rutgers, et al, *Diffusion Tensor Imaging Characteristics of the Corpus Callosum in Mild, Moderate, and Severe Traumatic Brain Injury*, American Journal of Neuroradiology (October 2008), 29: 1730-1735. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 79. | Chappell, Michael – *Multivariate analysis of diffusion tensor imaging data improves the detection of microstructural damage in young professional boxers* – Magnetic Resonance Imaging (May 27, 2008). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 80. | Wilde, E. A. – *Diffusion tensor imaging of acute mild traumatic brain injury in adolescents* – Neurology 70 (March 18, 2008). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 81. | Rutgers, D.R. – *White Matter Abnormalities in Mild Traumatic Brain Injury:   A Diffusion Tensor Imaging Study* – AJNR Am J Neuroradiol (March, 2008). Available publicly for purchase. Yuan, W – *Diffusion Tensor MR Imaging Reveals Persistent White Matter Alteration after Traumatic* | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

| | | |
|---|---|---|
| | *Brain Injury Experienced during Early Childhood* – AJNR Am J Neuroradiol 28:1919-25 (Nov-Dec 2007). | |
| 82. | Kraus, Marilyn F. – *White matter integrity and cognition in chronic traumatic brain injury: a diffusion tensor imaging study* – Brain (September 14, 2007) pp. 1-12. | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |
| 83. | Benson, Randall – *Global White Matter Analysis of Diffusion Tensor Images is Predictive of Injury Severity in Traumatic Brain Injury* – Journal of Neurotrauma Volume 24, Number3, (March, 2007). | Calls for speculation; expert opinion; hearsay; relevance; best evidence rule; prejudicial |

### Defendant Exhibits & Plaintiff's Objections

| | | |
|---|---|---|
| 1. | SF-95 (Tameia City) | Hearsay; settlement negotiations; foundation |
| 2. | SF-95 (Eva Portillo) | Hearsay; settlement negotiations; foundation |
| 3. | SF-95 (Emely Portillo) | Hearsay; settlement negotiations; foundation |

(c) Electronic evidence: At this time, neither party anticipates presenting any electronic evidence. Should that change, the Court will be notified immediately.

(d) Depositions:

(1) Plaintiff will offer the following depositions: Plaintiff Tameia City does not intend to offer page and line designations at this time for any deposition transcripts. In the event Plaintiff learns that a witness is unavailable to testify at trial, Plaintiff will notify all parties and the Court of page and line designations of the unavailable witness' deposition transcript to offer at trial. Plaintiff reserves the right to use deposition transcripts to refresh recollection, to impeach, and otherwise to use at trial in accordance with applicable rules, *e.g.*, Fed. R. Civ. P. 32, and Fed. R. Evid. 801(d).

(2) Should the need arise, the Portillo Plaintiffs will offer the following portions of the deposition of Kyle Wesley Losee, the driver of the Defendant vehicle, in which he admits, inter alia, to being distracted by his phone, that he failed to pay full attention to the roadway, ran a red light and collided with the Plaintiff City vehicle and then collided with the Plaintiff Portillo vehicle: 13:17-14:6; 17:20-18:9; 18:15-19; 20:9-12; 20:22-21:15; 23:4-10; 23:14-18; 24:25-25:9; and 25:15-17.

(3) Defendant will offer the following depositions: Defendant does not intend to offer page and line designations at this time for any deposition transcripts. In the

event Defendant learns that a witness is unavailable to testify at trial, Defendant will notify all parties and the Court of page and line designations of the unavailable witness' deposition transcript to offer at trial. Defendant reserves the right to use deposition transcripts to refresh recollection, to impeach, and otherwise to use at trial in accordance with applicable rules, *e.g.*, Fed. R. Civ. P. 32, and Fed. R. Evid. 801(d).

(e)  Objections To Depositions:

　　(1)  Plaintiff's Objections:  None.

　　(2)  Defendant's Objections:  None.

## VIII.

The following witnesses may be called by the parties at trial:

(a)  Plaintiff's witnesses

　(1)  <u>Plaintiff's Tameia City Witnesses (PROPOSED):</u>

　　Witnesses Plaintiff expects to call:

　　1.  Tameia L. City
　　　c/o THE SCHNITZER LAW FIRM
　　　710 South 9th Street, Suite 2
　　　Las Vegas, Nevada 89101

　　　c/o NV INJURY LAW, LLC
　　　3511 S. Eastern Avenue
　　　Las Vegas, Nevada 89169

　　2.  Eva L. Leonzo De Portillo
　　　c/o STOVALL & ASSOCIATES
　　　2301 Palomino Lane
　　　Las Vegas, NV 89107

　　3.  Emely Johana Portillo
　　　c/o STOVALL & ASSOCIATES
　　　2301 Palomino Lane
　　　Las Vegas, NV 89107

　　4.  Kyle W. Losee, U.S. Marine Corps
　　　c/o U.S. ATTORNEY'S OFFICE
　　　501 Las Vegas Blvd. So., Suite 1100
　　　Las Vegas, NV 89101

5.  David Garcia
    1528 Wheatland Way
    Las Vegas, NV 89128

6.  Keya Jamerson
    3909 Goldfield Street
    North Las Vegas, NV 89032
    (702) 333-5790

7.  Lameesha Johnson
    10331 Cameron Street
    Las Vegas, NV 89141
    (702) 449-8603

8.  Lakeiwa Johnson
    8033 Misty Canyon Avenue
    Las Vegas, NV 89113
    (702) 557-0338

9.  Felicia Daniel
    8628 Magnolia Ridge Avenue
    Las Vegas, NV 89134
    (702) 759-6891

10. Naomi Johnson
    6750 Thalia River
    Las Vegas, NV 89148
    (702) 624-9375

11. Ulysses Davis
    8628 Magnolia Ridge Avenue
    Las Vegas, NV 89134
    (725) 264-9412

12. Travis Snyder, D.O.
    Persons Most Knowledgeable and/or Custodian of Records
    SimonMed
    7455 W. Washington Ave Ste 120
    Las Vegas, NV 89128

13. David Wach D.C.
    Persons Most Knowledgeable and/or Custodian of Records
    The Neck & Back Clinics
    P.O. Box 36853
    Las Vegas, NV 89133

14. Michael A. Elliott, Ph.D.
    Persons Most Knowledgeable and/or Custodian of Records
    Michael Elliott and Associates
    10170 S Eastern Ave., #110
    Henderson, NV 89052

15. Douglas Ross, MD, FACEP
    Ross Medical Group
    2481 W. Horizon Ridge Pkwy #100
    Henderson, NV 89052

16. Enrico Fazzini, D.O., PH.D, F.A.C.N
    Persons Most Knowledgeable and/or Custodian of Records
    Enrico Fazzini, D.O., PH.D, F.A.C.N
    291 North Pecos Rd
    Henderson, NV 89074

17. Thomas O'Brien, PA
    Xin Nick Liu, D.O.
    Persons Most Knowledgeable and/or Custodian of Records
    Advanced Orthopedics & Sports Medicine
    P.O. Box 50605
    Henderson, NV 89016

Witnesses Plaintiff may call if the need arises:

18. Pamela O. Knight
    c/o OFFICE OF THE JUDGE ADVOCATE GENERAL
    9620 Maryland Ave., #205,
    Norfolk, VA 23511

19. Thomas E. Campbell
    c/o OFFICE OF THE JUDGE ADVOCATE GENERAL
    9620 Maryland Ave., #205
    Norfolk, VA 23511

20. Department of the Navy
    Persons Most Knowledgeable and/or Custodian of Records
    c/o OFFICE OF THE JUDGE ADVOCATE GENERAL
    9620 Maryland Ave., #205
    Norfolk, VA 23511

21. U.S. Marine Corps
    c/o OFFICE OF THE JUDGE ADVOCATE GENERAL
    9620 Maryland Ave., #205
    Norfolk, VA 23511

1

2          22. James Wellcome (7084)
               Persons Most Knowledgeable and/or Custodian of Records
3              Las Vegas Metropolitan Police Department
               400 S. Martin L. King Blvd
               Las Vegas, NV 89106
4

5          23. Keith M. Lewis, M.D
               Persons Most Knowledgeable and/or Custodian of Records
6              Advantage Diagnostic Imaging
               3430 N. Buffalo Dr., Ste 110
               Las Vegas, NV 89129
7

8          24. Robert Spence, M.D.
               Persons Most Knowledgeable and/or Custodian of Records
9              Fremont Emergency Services
               P.O. Box 638972
               Cincinnati, OH 45263
10

11         25. Marcelo Gomez, PA-C
               Stuart Baird, M.D.
12             Persons Most Knowledgeable and/or Custodian of Records
               Interventional Pain & Spine Institute
13             851 S. Rampart Blvd., #100
               Las Vegas, NV 89145

14         26. Robert Spence, M.D.
               Persons Most Knowledgeable and/or Custodian of Records
15             Mountain View Hospital
               3100 N. Tenaya Way
16             Las Vegas, NV 89128

17         27. Nathaniel Hernandez, M.D.
               Persons Most Knowledgeable and/or Custodian of Records
18             Radiology Specialists, LTD
               P.O. Box 50709
19             Henderson, NV 89016-0709

20         Plaintiff City reserves the right to call any witnesses identified in Defendant's witness list

21     and named during discovery.

22         Plaintiff City reserves the right to call rebuttal and/or impeachment witnesses at trial.

23         Plaintiff City reserves the right to call any of Defendant's experts as witnesses.

24

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Defendant USA reserves all rights and objections to testimonies at trial including but not limited to any expert opinions that were not timely disclosed in discovery, lack foundation, and/or are not relevant and reliable. *See, e.g.*, Fed. R. Civ. P. 26(a)(2), 37(c)(1), *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny.

(b) <u>Plaintiff Eva Portillo</u>

Witnesses plaintiff expects to call:

1. Eva L. Leonzo De Portillo
   c/o STOVALL & ASSOCIATES
   2301 Palomino Lane
   Las Vegas, NV 89107

2. Emely Johana Portillo
   c/o STOVALL & ASSOCIATES
   2301 Palomino Lane
   Las Vegas, NV 89107

3. Tameia L. City
   c/o THE SCHNITZER LAW FIRM
   710 South 9th Street, Suite 2
   Las Vegas, Nevada 89101

   c/o NV INJURY LAW, LLC
   3511 S. Eastern Avenue
   Las Vegas, Nevada 89169

4. Kyle W. Losee, U.S. Marine Corps
   c/o U.S. ATTORNEY'S OFFICE
   501 Las Vegas Blvd. So., Suite 1100
   Las Vegas, NV 89101

5. Patrick McNulty, M.D., ABOS, ABSS
   Las Vegas Neurosurgical Institute
   3012 S. Durango Drive
   Las Vegas, NV 89117
   702-463-1424

6. John M. DiMuro, DO, MBA
   Dimuro Professional Services
   3970 W. Ann Road, Suite 100
   North Las Vegas, NV 89031

1          (702) 747-4799

2         7.  Enrico Fazzini M.D.
           291 N Pecos Rd,
3             Henderson, NV 89074
           Ph: (516) 371-2225
4

5         8.  William Azzoli, M.D.
           3970 W. Ann Road, Suite 100
           North Las Vegas, NV 89031
6             (702) 747-4799

7         9.  Elizabeth L. Huck, D.O.
           Las Vegas Radiology
8             7500 Smoke Ranch Road, Suite 100
           Las Vegas, NV 89128
9

10       10. Keith M Lewis M.D.
           Pueblo Medical Imaging
           5495 S. Rainbow Blvd Suite 203
11            Las Vegas, NV 89118
           Ph: (702) 477-0772
12

13  Witnesses plaintiff will call should the need arise:

14         1.  Michael Allswede, DO
           Mountain View Hospital
           3100 N Tenaya Way
15            Las Vegas, NV 89128
           Ph: (702) 962-7800
16

17         2.  Eric Biesbroeck, M.D.
            Mountain View Hospital
           3100 N. Tenaya Way
18            Las Vegas, Nevada 89128
           Ph: (702) 962-5000
19

20         3.  Brandon Muhlestein
           AMR# 107137
           American Medical Response
21            7201 W Post Rd, Las Vegas, NV 89113
           (702) 384-3400
22

23         4.  Jodie Cannon
           AMR#58942
           American Medical Response
24

7201 W Post Rd, Las Vegas, NV 89113
(702) 384-3400

5. Arminas S. Wagner, MD
Nevada Chiropractic Rehabilitation Center
3900 West Charleston Blvd Suite 140
Las Vegas, Nevada 89102

6. Jorg Rosler, M.D
Interventional Pain and Spine Institute
851 South Rampart Blvd Suite
(702) 357-8004

7. Tanner Croshaw, PA
Dimuro Professional Services
3970 W. Ann Road, Suite 100
North Las Vegas, NV 89031
(702) 747-4799

Plaintiff Eva Portillo reserves the right to call any witnesses identified in Defendant's witness list and named during the course of discovery.

Plaintiff Eva Portillo reserves the right to call rebuttal and/or impeachment witnesses at trial.

Plaintiff Eva Portillo reserves the right to call any of Defendant's experts as witnesses.

Defendant USA reserves all rights and objections to testimonies at trial including but not limited to any expert opinions that were not timely disclosed in discovery, lack foundation, and/or are not relevant and reliable. *See, e.g.*, Fed. R. Civ. P. 26(a)(2), 37(c)(1), *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny.

(c) <u>Plaintiff Emely Portillo</u>

Witnesses plaintiff expects to call:

1. Emely Johana Portillo
c/o STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107

2.  Eva Lillian Leonzo De Portillo
    c/o STOVALL & ASSOCIATES
    2301 Palomino Lane
    Las Vegas, NV 89107

3.  Tameia L. City
    c/o THE SCHNITZER LAW FIRM
    710 South 9th Street, Suite 2
    Las Vegas, Nevada 89101

    c/o NV INJURY LAW, LLC
    3511 S. Eastern Avenue
    Las Vegas, Nevada 89169

4.  Kyle W. Losee, U.S. Marine Corps
    c/o U.S. ATTORNEY'S OFFICE
    501 Las Vegas Blvd. So., Suite 1100
    Las Vegas, NV 89101

5.  Patrick McNulty, M.D., ABOS, ABSS
    Las Vegas Neurosurgical Institute
    3012 S. Durango Drive
    Las Vegas, NV 89117
    702-463-1424

6.  John M. DiMuro, DO, MBA
    Dimuro Professional Services
    3970 W. Ann Road, Suite 100
    North Las Vegas, NV 89031
    (702) 747-4799

7.  Enrico Fazzini M.D.
    291 N Pecos Rd,
    Henderson, NV 89074
    Ph: (516) 371-2225

8.  William Azzoli, M.D.
    3970 W. Ann Road, Suite 100
    North Las Vegas, NV 89031
    (702) 747-4799

9.  Elizabeth L. Huck, D.O.
    Las Vegas Radiology
    7500 Smoke Ranch Road, Suite 100
    Las Vegas, NV 89128

1

10. Keith M Lewis M.D.
Pueblo Medical Imaging

2

5495 S. Rainbow Blvd Suite 203
Las Vegas, NV 89118

3

Ph: (702) 477-0772

4

Witnesses plaintiff will call should the need arise:

5

1. Michael Allswede, DO
Mountain View Hospital

6

3100 N Tenaya Way
Las Vegas, NV 89128

7

Ph: (702) 962-7800

8

2. Eric Biesbroeck, M.D.
Mountain View Hospital

9

3100 N. Tenaya Way
Las Vegas, Nevada 89128

10

Ph: (702) 962-5000

11

3. Brandon Muhlestein
AMR# 107137

12

American Medical Response
7201 W Post Rd, Las Vegas, NV 89113

13

(702) 384-3400

14

4. Jodie Cannon
AMR#58942

15

American Medical Response
7201 W Post Rd, Las Vegas, NV 89113

16

(702) 384-3400

17

5. Arminas S. Wagner, MD
Nevada Chiropractic Rehabilitation Center

18

3900 West Charleston Blvd Suite 140
Las Vegas, Nevada 89102

19

6. Jorg Rosler, M.D

20

Interventional Pain and Spine Institute
851 South Rampart Blvd Suite

21

(702) 357-8004

22

23

24

1          7.  Tanner Croshaw, PA
                 Dimuro Professional Services

2                 3970 W. Ann Road, Suite 100
                 North Las Vegas, NV 89031

3                 (702) 747-4799

4        Plaintiff Emely Portillo reserves the right to call any witnesses identified in Defendant's

5 witness list and named during discovery.

6        Plaintiff Emely Portillo reserves the right to call rebuttal and/or impeachment witnesses

7 at trial.

8        Plaintiff Emely Portillo reserves the right to call any of Defendant's experts as witnesses.

9        Defendant USA reserves all rights and objections to testimonies at trial including but not

10 limited to any expert opinions that were not timely disclosed in discovery, lack foundation, and/or

11 are not relevant and reliable. *See, e.g.*, Fed. R. Civ. P. 26(a)(2), 37(c)(1), *Daubert v. Merrell Dow*

12 *Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny.

13        (d) Defendant's witnesses:

| | |
|---|---|
| Kyle W. Losee | c/o USAO-NV |
| Emely Portillo | c/o Stovall and Associates |
| Eva Portillo | c/o Stovall and Associates |
| Tameia City | c/o The Schnitzer Firm |
| Benjamin Bjerke, M.D. (expert) | c/o Benjamin Bjerke, MD Ltd.<br>1220 Spring Street<br>Jeffersonville, IN 47130 |

19        Defendant, USA, reserves the right to call any witnesses identified in Plaintiff's witness

20 list and named during discovery.

21        Defendant reserves the right to call rebuttal and/or impeachment witnesses at trial.

22        Defendant reserves the right to call any of Plaintiff's experts as witnesses.

23        Plaintiff reserves all rights of objections to testimonies at trial including but not limited

24

to any expert opinions that were not timely disclosed in discovery, lack foundation, and/or are not relevant and reliable. *See, e.g.*, Fed. R. Civ. P. 26(a)(2), 37(c)(1), *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and its progeny.

**IX.**

The attorneys have conferred and jointly offer these three trial dates:

February 3, 2025

March 17, 2025

May 5, 2025

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates, if possible, if not, the trial will be set at the convenience of the Court's calendar.

**X.**

It is estimated that the trial will take a total of 5 days.

APPROVED AS TO FORM AND CONTENT:

  */s/  Jordan Schnitzer*
Counsel for Plaintiff City

*/s/  Ross Moyhihan*
Counsel for Plaintiffs Portillos


  */s/  R. Thomas Colonna*
Counsel for Defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## XI.

## ACTION BY THE COURT

This case is set for a bench trial on the fixed/stacked calendar on **May 5, 2025, at 9:00 a.m.** in Courtroom 6A.Calendar call will be held on **April 30, 2025, at 1:30 p.m**. in Courtroom 6A.

Motions in limine to be filed by **March 10, 2025**.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their counsel hereon, and the other is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

UNITED STATES DISTRICT JUDGE

DATED: September 4, 2024