# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TAMEIA CITY, | Case No.: 2:20-cv-02193-RFB-EJY |
| Plaintiff, | |
| v. | ORDER |
| THE UNITED STATES OF AMERICA; | |
| Defendant. | |
| EMELY JOHANA PORTILLO, an individual; and EVA LILIAN LEONZO DE PORTILLO, an individual; | |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

Pending before the Court is the United States' Motion to Vacate Settlement Conference. ECF No. 51. The Court considered the Motion, Response, Joinder, and Reply. ECF Nos. 52-54.

Defendant—the United States—argues a settlement conference in this case would be a futile endeavor because, in sum, Defendant views Plaintiffs' claims "as prototypical workup cases where the Plaintiffs were sent for unreasonable and medically unnecessary treatment, and no future treatment is justified from the evidence. The United States believes the evidence does not support the demands and damages claims of either Plaintiff." Plaintiffs argue a dispute over damages is present in every case and that Defendant is not willing to participate in a good faith settlement process. The Court agrees with the principle that disagreement over value is present in many cases involving personal injury; however, sometimes the disagreement is so significant, as is true here, that a settlement conference is not a worthwhile endeavor. The Court rejects the notion that Defendant would not participate in good faith; rather, Defendant believes there is no value in

1

1   settlement of this case and acted in good faith by notifying the Court of this fact so that the Court
2   could consider whether proceeding with a settlement conference was an efficient use of time.
3         Defendant makes clear that it believes there is no settlement value to this case and could not,
4   in good faith, make any offers for purposes of resolution.  The power to order a settlement conference
5   "was not designed as a means for clubbing the parties—or one of them—into involuntary
6   compromise." *Best Western International, Inc. v. Melb. Hotel Invs., LLC*, Case No. CV-06-2276-
7   PHX-MHM, 2008 WL 2945513 (D. Ariz. July 25, 2008) (internal citation omitted).
8         The government's position, which they have communicated to Plaintiffs' counsel, is clear
9   and unequivocal.  Under these circumstances, the Court finds proceeding with a settlement
10  conference would not be a valuable endeavor at this time.  If, in the future, the parties feel the Court
11  can assist in bringing the matter to a close they may always seek the resetting of a settlement
12  conference.
13        Accordingly, IT IS HEREBY ORDERED that the United States' Motion to Vacate
14  Settlement Conference (ECF No. 51) is GRANTED.
15        IT IS FURTHER ORDERED that the settlement conference set for March 4, 2025 is
16  VACATED.
17        Dated this 31st day of January, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE